IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **HAYLEY NICHOLE RECORD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-407-SDJ-KPJ |
| | § | |
| **FANNIN COUNTY SHERIFF'S OFFICE,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The following motions (together, the "Motions") are pending before the Court:

1. Defendant 336th District Court's Motion to Dismiss (the "336th District Court's Motion to Dismiss") (Dkt. 11); and

2. Defendants Fannin County Sheriff's Office (the "Sheriff's Office"), Fannin County Jail (the "County Jail"), and Fannin County District Attorney's Office's (the "District Attorney's Office," and together, the "Fannin County Defendants") Motion to Dismiss (the "Fannin County Defendants' Motion to Dismiss") (Dkt. 13).

Having considered the filings and the relevant law, the Court recommends the Motions (Dkts. 11, 13) be **GRANTED**.

## I. BACKGROUND

Plaintiff Hayley Nichole Record ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this civil rights lawsuit on May 11, 2022, against the 336th District Court, Fannin County Sheriff's Office, Fannin County Jail, and Fannin County District Attorney's Office. *See* Dkt. 1. On May 13, 2022, Plaintiff filed an amended complaint (the "Amended Complaint") (Dkt.

3). The following factual allegations are raised in the Amended Complaint: Plaintiff began working at the Fannin County Sheriff's Office as a part time 911 dispatcher in June 2019. *See* Dkt. 3-5 at 1. Plaintiff asserts she also worked full time as a dispatcher in Lamar County while working for the Fannin County Sheriff's Office. *See id.* Plaintiff alleges in October 2020, the process for submitting timesheets was changed in Fannin County, and timesheets were no longer approved by the direct supervisor of the division. *See id.* at 2. Plaintiff contends her dispatch supervisor, Destiny Tweedy ("Ms. Tweedy"), asked Plaintiff to speak with her during the week of July 26, 2021, and August 1, 2021. *See id.* Plaintiff asserts Ms. Tweedy asked her about her timesheet having two days for time worked, and Plaintiff contends she apologized and explained "those 2 days were supposed to be for sick time." *Id.* at 3. Plaintiff asserts she received phone calls from Seargeant David Thompson ("Sgt. Thompson") on August 9 and August 10, 2021. *See id.* Plaintiff alleges she spoke with Sgt. Thompson on August 12, 2021, and he informed her that he was conducting an investigation of her time sheets. *See id.* at 4. Plaintiff asserts she scheduled a meeting with Sgt. Thompson at the Fannin County Sheriff's Office on August 13, 2021. *See id.* Plaintiff alleges Sgt. Thompson informed her that she may be charged with one or two felonies depending on her cooperation, that he had evidence from her computer system and keycard she had not worked the hours she submitted, and the Fannin County Sheriff would give her a dishonorable discharge. *See id.* at 4–5.

Plaintiff asserts she hired attorney Bob Rogers ("Mr. Rogers"), who then spoke with Assistant District Attorney Will Porter regarding Plaintiff being put in the pretrial diversion program. *See id.* at 6. Plaintiff alleges she and her attorney submitted to an interview with Sgt. Thompson, and Mr. Rogers provided "<u>a typed-out and unsigned statement</u> that I had not read over" to Sgt. Thompson. *Id.* at 6. Plaintiff alleges she turned herself into the Fannin County jail on

September 7, 2021, and asserts she was asked by a male officer about her sexual orientation during the intake process. *See id.* at 6–7. Plaintiff asserts Assistant District Attorney Richard Glaser was assigned as lead prosecutor of her case to replace Assistant District Attorney Will Porter and stated he wanted to make an example of Plaintiff. *See id.* at 8. Plaintiff asserts she presented evidence at her hearings that shows there was an inconsistency in Sgt. Thompson's evidence. *See id.* Plaintiff provides the docket sheet for her state criminal case, which appears to be pending with a pre-trial hearing scheduled for December 21, 2022. *See* Dkt. 3-3.[1]

Plaintiff attaches an email from Fannin County Chief Deputy Nick Tredway ("Chief Deputy Tredway") to Lamar County Chief Deputy Tommy Moore ("Chief Deputy Moore") dated September 3, 2021, wherein Chief Deputy Tredway writes that Plaintiff is under criminal investigation for falsifying her time sheets and "during her interview she admitted to falsifying a government document for the purpose of stealing money from Fannin County." Dkt. 3-1. Plaintiff alleges the arrest report has inconsistencies regarding her ethnicity, hair color, and height. *See* Dkt. 3-5 at 8. Plaintiff also attaches her arrest report and incident report dated September 14, 2021 (the "Incident Report") (Dkt. 3-2). In the incident report, Sgt. Thompson alleges Plaintiff documented she was working for Fannin County on twenty-one occasions when she was allegedly working at Lamar County Sheriff's Office on the same day, and also alleges Plaintiff's fraudulent timesheets led to Plaintiff receiving $15,781.20. *See id.* at 5.

Plaintiff asserts Section 1983 claims under the Fourth, Fifth, and Fourteenth Amendments. *See* Dkt. 3 at 3. Plaintiff alleges she was improperly drug tested on December 7, 2021, and May 6,

---

[1] The Court takes judicial notice of public records maintained by Fannin County and referenced by Plaintiff. *See State of Texas v. Hayley Nichole Record Case Information*, FANNIN COUNTY PUBLIC RECORDS, https://portal-txfannin.tylertech.cloud/Portal/Home/WorkspaceMode?p=0 (search in search bar for defendant's last and first name respectively "Record, Hayley"; then follow link for "CR-21-28247") (last visited November 21, 2022). Courts may judicially notice facts that "[are] generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID 201(b).

2022, in violation of her Fourth Amendment rights. *See* Dkt. 3-5 at 7, 9. Plaintiff further alleges the prosecution has been using a statement she did not hand write or sign in violation of Texas criminal procedure, and she was improperly interviewed by a person who was not an investigator or peace officer. *See id.* at 9–10. Plaintiff appears to allege a violation of the Equal Protection clause under the Fourteenth Amendment because a Sgt. JD Connerly in the Fannin County Sheriff's Office had allegedly been paid for time he did not work, but did not receive punishment. *See id.* at 1; Dkt. 14 at 3. Plaintiff also alleges she was discriminated against because she was asked about her sexual orientation and the District Attorney's office is "extremely biased towards [Plaintiff] . . . ." Dkt. 3-5 at 10. Plaintiff requests the following relief:

> Charges brough[t] against me [be] dismissed – See attached document for explanation
>
> F5 changed to honorable – I was unaware of the investigation when I put in my resignation.
>
> I would like a formal written apology from the investigator, District [A]ttorney's office, the Sherriff of Fannin County, and the Chief Deputy of Fannin County and from the dispatch [s]upervisor of Fannin County.
>
> Also asking $500,000 in damages – emotional distress that this entire situation has brought into my life. The medications I have had to be put on, and the therapists I have had to see. The lost wages that I would have continued to receive from being employed with the Lamar County Sheriff's Office if these allegations had not been brought against me. My retirement that I had to pull out after resigning from both positions in order to support myself and my family. Money that was paid to the Fannin County Bail Bonds for posting my bail. Also, for any future attorney costs that may arise from this situation.
>
> $250,000 for the discriminatory actions that have been displayed.

Dkt. 3 at 5.

On August 9, 2022, the 336th District Court filed its Motion to Dismiss (Dkt. 11), wherein the 336th District Court asserts: Plaintiff's claims must be dismissed under 28 U.S.C. § 1915; Plaintiff fails to state a claim; Plaintiff's claims are barred by the Eleventh Amendment; the *Younger* abstention doctrine prohibits this action; the 336th District Court is not a legal entity

capable of being sued; and equitable relief is unavailable. *See* Dkt. 11 at 2–9. On August 15, 2022, the Fannin County Defendants filed their Motion to Dismiss (Dkt. 13), wherein Fannin County Defendants argue: Plaintiff's claims must be dismissed under 28 U.S.C. § 1915; the Fannin County Defendants are not legal entities capable of being sued; Plaintiff's action constitutes an improper collateral attack; and the *Younger* abstention doctrine prohibits this action. *See* Dkt. 13 at 9–13.

On August 29, 2022, Plaintiff filed her response, arguing she has alleged sufficient facts, her Fourteenth Amendment claim should survive because she has sufficiently alleged: a "'straight, white male' was in the almost same situation as I, and he was not prosecuted"; Defendants are not entitled to 11th Amendment immunity; *Younger* abstention doctrine does not apply because there has been bad faith; the investigation violated Plaintiff's civil rights; Plaintiff was not informed of the investigation as required under Texas Government Code Section 614.023; the intake process improperly violated Plaintiff's rights when she was asked about her sexual orientation in violation of Texas Administrative Code Section 265.4; and Plaintiff should be allowed to amend her complaint to name individual defendants. *See* Dkt. 14. Fannin County Defendants argue Plaintiff has misquoted Texas Government Code Section 614.023, as it applies only to law enforcement officers, firefighters, detention officers, county jailers, and peace officers. *See* Dkt. 19 at 3. Fannin County Defendants further argue Texas Administrative Code Section 265.4 does not prevent questions regarding sexual orientation and the Prison Rape Elimination Act allows for inquiry into an inmate's sexual orientation. *See id.* Finally, Fannin County Defendants argue under the *Younger* abstention doctrine, Plaintiff should not be given leave to amend and any claims against individual defendants would fail as the individual defendants are entitled to qualified, prosecutorial, or judicial immunity. *See id.* at 4–6.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

The Court is also mindful that it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also*

*Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). But "liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)), *R. & R. adopted*, No. 3:20-cv-2842, 2021 WL 5566769 (N.D. Tex. Nov. 29, 2021), *appeal dismissed*, No. 22-10018, 2022 WL 3130815 (5th Cir. Aug. 4, 2022).

Additionally, if the plaintiff is proceeding *in forma pauperis*, courts must dismiss the case if, at any time, it is determined the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("The district court may dismiss an in forma pauperis proceeding 'before service of process or before the filing of the answer' as long as certain safeguards are met." (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990))). In reviewing a plaintiff's complaint under Section 1915, courts apply the same standard that is applied to motions filed under Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016).

### III. ANALYSIS

#### A. *Younger* Abstention Doctrine Bars Plaintiff's Request for Equitable Relief

"In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982)). If these "three prerequisites are satisfied, then a federal court can assert jurisdiction only

if 'certain narrowly delimited exceptions to the abstention doctrine apply.'" *Id.* (quoting *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004)). When the above criteria are satisfied, the *Younger* abstention doctrine does not apply when the following exceptions are met:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) where 'other extraordinary circumstances' threaten 'irreparable loss [that] is both great and immediate.'

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53–54 (1971)).

In the present case, the three prerequisites for *Younger* abstention are met. First, Plaintiff has requested the Court dismiss the charges against her, which would "clearly interfere with an ongoing state judicial proceeding." *Gates*, 885 F.3d at 880; *see also DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984) (holding "a state proceeding is pending when it is begun before the federal proceeding is initiated and the state court appeals are not exhausted at the time of the federal filing."). Second, in the present case, "the underlying state proceeding concerns the enforcement of state criminal laws, something in which the state has a strong interest." *Gates*, 885 F.3d at 880. Third, Plaintiff has the opportunity to raise her federal claims in state court, and it is "irrelevant" whether Plaintiff "has been unsuccessful or is likely to be unsuccessful in raising [her] constitutional claims in state court . . . ." *Id.* (citing *Moore v. Sims*, 442 U.S. 415, 425 (1979)).

Thus, the Court turns to whether any of the above exceptions to the *Younger* abstention doctrine are met. Plaintiff argues the bad faith exception applies and asserts the following:

> Several examples of the defendants' biases against the plaintiff, and how the criminal proceeding was brought against the plaintiff in bad faith have been shown. For example, District Attorney Richard Glaser has made several statements to my previous attorney advising how he 'does not like me' and 'wants to make an example out of me[.]' These bias[es] void[] the Younger Doctrine and in turn does require the Court to enjoin.

8

Dkt. 14 at 4. Plaintiff is silent regarding her "burden to establish actual proof of bad faith." *Gates*, 885 F.3d at 881 (citing *Hensler v. Dist. Four Grievance Comm. of State Bar of Tex.*, 790 F.2d 390, 391 (5th Cir. 1986)). "A prosecution is taken in bad faith if state officials proceed 'without hope of obtaining a valid conviction.'" *Id.* (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). The bad faith exception is "'narrow and should be granted parsimoniously.'" *Malone v. 124th Dist. Ct. of Gregg Cnty.*, No. 2:20-cv-52, 2021 WL 489043, at *2 (N.D. Tex. Feb. 10, 2021) (quoting *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985)). Plaintiff's assertions regarding Assistant District Attorney Richard Glaser are not sufficient actual proof necessary to meet Plaintiff's burden and do not address whether the prosecution, initiated before Assistant District Attorney Richard Glaser was assigned to the prosecution, was taken without hope of obtaining a valid conviction. *See Blakely v. Andrade*, 360 F. Supp. 3d 453, 469 (N.D. Tex. 2019) (finding *Younger* abstention doctrine applies because the plaintiff "makes only conclusory allegations" that his prosecution has been brought in bad faith); *Zinter v. Salvaggio*, No. 5-18-cv-680, 2018 WL 5098785, at *3 n.5 (W.D. Tex. Oct. 19, 2018) (collecting cases). Furthermore, Plaintiff does not assert any argument that the state law flagrantly and patently violates an express constitutional prohibition, or that there are other extraordinary circumstances. *See Humphreys v. City of Ganado*, No. v-10-50, 2011 WL 284432, at *6 (S.D. Tex. Jan. 25, 2011) (citing *Trower v. Maple*, 774 F.2d 673, 674–75 (5th Cir. 1985)).

Thus, Plaintiff has not met her burden in showing an applicable exception to the *Younger* abstention doctrine applies, and the Court cannot enjoin Plaintiff's state court criminal proceedings.

### B. Defendants Are Non-Jural Entities and Not Capable of Being Sued

Plaintiff also requests $500,000 in monetary damages for emotional distress, lost wages, medical costs, loss of retirement savings, bond costs, and future attorney costs against Defendants. *See* Dkt. 3 at 5. Additionally, Plaintiff requests $250,000 in monetary damages "for the discriminatory actions that have been displayed." *Id.* The Fifth Circuit has "held that *Younger* is not applicable to claims for damages." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)). "Even if *Younger* applies, the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Id.* (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)). "However, this preference for a stay applies only where there is no question that a complaint alleges injuries under federal law sufficient to justify the District Court's retention of jurisdiction." *Id.* (brackets and citation omitted). The Fifth Circuit has interpreted this limitation to mean that a stay is not required where the court determines that the claim for damages is frivolous or fails to state a claim under 28 U.S.C. § 1915. *Id.* (collecting cases). Therefore, the Court considers whether Plaintiff has sufficiently pled her claims against the 336th District Court and each of the Fannin County Defendants.

"A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv-679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991)). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Id.* at *6 (citing *Darby*, 939 F.2d at 313–14). The capacity of a county or city department to be sued is determined by the state where the district court is located. *See* FED. R. CIV. P. 17(b)(3); *see also Darby*, 939 F.2d at 313. Because this Court

10

sits in Texas, it must apply Texas law to determine whether the 336th District Court and the Fannin County Defendants can be sued. *See Darby*, 939 F.2d at 313.

The 336th District Court is a non-jural entity that cannot be sued. *See Perez v. Dall. Cnty. Cts.*, 2020 WL 7049159, at *2 (N.D. Tex. Oct. 27, 2020), *R. & R. adopted*, 2020 WL 7047057 (N.D. Tex. Nov. 30, 2020) ("It is well-established that a county court is a nonjural entity that is not subject to suit."); *see also Marshall v. Abbott*, No. 4:21-cv-384, 2022 WL 671009, at * 4 (E.D. Tex. Feb. 4, 2022), *R. & R. adopted*, 2022 WL 659159 (E.D. Tex. Mar. 4, 2022) (collecting cases).

The Fannin County Defendants are also non-jural entities not capable of being sued. The Complaint contains no allegations that Fannin County has taken explicit steps to grant the Fannin County Sheriff's Office, Fannin County Jail, and Fannin County District Attorney's Office with jural authority. *See Darby*, 939 F.2d at 313–14; *see also Hebrew v. Gonzalez*, No. 21-20585, 2022 WL 1316214, at *1 (5th Cir. 2022) (per curiam) (affirming dismissal of claims when the plaintiff failed to show county had provided for separate jural existence to county department); *Charboneau v. Davis*, No. 4:13-cv-678, 2017 WL 9250306, at *6 (E.D. Tex. Feb. 16, 2017), *R. & R. adopted sub nom. Charboneau v. Box*, No. 4:13-cv-678, 2017 WL 1159765 (E.D. Tex. Mar. 29, 2017). Federal courts in Texas have consistently found law enforcement departments do not have jural existence. *See Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350, 2020 WL 8484809, at *2 (E.D. Tex. Dec. 14, 2020), *R. & R. adopted*, 2021 WL 489633 (E.D. Tex. Feb. 10, 2021) ("[T]he general rule [is] that law enforcement agencies are not separate governmental entities that can be sued.") (brackets and citation omitted); *see also Torgerson v. Henderson Cnty.*, No. 6:21-cv-390, 2022 WL 2154872, at *3 (E.D. Tex. Apr. 26, 2022), *R. & R. adopted*, 2022 WL 2155948 (E.D. Tex. June 14, 2022). Federal Courts in Texas have also consistently found a county's jail or detention facility does not have jural existence. *See Crawford v. Collin Cnty. Det. Facility*, 4:20-

11

cv-668, 2022 WL 4459855, at *2 (E.D. Tex. Aug. 18, 2022), *R. & R. adopted*, 2022 WL 4459855 (E.D. Tex. Sept. 22, 2022) (collecting cases). Finally, federal courts in Texas have consistently found district attorney's offices do not have jural existence. *Merisier v. Johnson Cnty.*, No. 4:20-cv-520, 2021 WL 1705624, at *4 (E.D. Tex. Jan. 31, 2021), *R. & R. adopted*, 2021 WL 1690030 (E.D. Tex. Apr. 29, 2021) (collecting cases); *see also Delta Fuel Co. v. Maxwell*, 485 F. App'x 685, 686-87 (5th Cir. 2012) (per curiam) (affirming that "District Attorney's Office was not a person capable of being sued under § 1983" and "[State] Department of Justice, a state agency, was not a 'person' for purposes of § 1983 and that it was an arm of the state entitled to Eleventh Amendment sovereign immunity . . . ." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))).

Thus, even if the Court takes all of Plaintiff's allegations against the 336th District Court and the Fannin County Defendants as true, Plaintiff has failed to state a claim upon which relief can be granted. Furthermore, because Defendants have not been granted jural authority, it would be futile to grant Plaintiff an opportunity to replead her claim with respect to Defendants. Accordingly, the Court recommends dismissing with prejudice Plaintiff's claims against the 336th District Court and the Fannin County Defendants.

### C. Plaintiff Should Be Denied Leave to Amend

In her Amended Complaint, Plaintiff asserts the following:

> [Plaintiff] specifically name[s] several persons that have continuously violated rights that I have as a citizen of the United States. These persons all acted under the official capacity of the named defendants. The defendants were served with this suit properly. Even so, Plaintiff should be given the opportunity to amend the complaint.

Dkt. 14 at 3. In their reply, the Fannin County Defendants argue amendment would be futile and the Court should dismiss Plaintiff's claims because possible defendants are "all entitled to some

form of immunity ranging from qualified immunity to prosecutorial immunity to judicial immunity" and Plaintiff "has already amended her original complaint . . . ." Dkt. 19 at 6.

"Generally, a . . . pro se litigant should be offered an opportunity to amend [her] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)) (per curiam). However, leave to amend "is in no way automatic," and whether to grant or deny leave is left to the discretion of the trial court. *Evans v. U.S. Border Patrol Agents*, No. 7:19-cv-358, 2020 WL 9066054, at *14 (S.D. Tex. July 20, 2020), *R. & R. adopted sub nom. Evans v. Castillo*, No. CV 19-358, 2021 WL 1215843 (S.D. Tex. Mar. 31, 2021) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

As discussed above, while the *Younger* abstention doctrine bars Plaintiff's requested enjoinment of her ongoing criminal proceedings, it does not extend to bar Plaintiff's claims for monetary relief. Hence, the Court considers whether Plaintiff's claims for monetary relief may proceed against the "several persons" who have "all acted under the official capacity of the named defendants." Dkt. 14 at 3. "Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)); *Roland v. Texas*, No. 4:21-cv-415, 2022 WL 1192781, at *4 (E.D. Tex. Jan. 26, 2022), *R. & R. adopted*, 2022 WL 622320 (E.D. Tex. Mar. 3, 2022) ("The Eleventh Amendment to the United States Constitution provides that states, state agencies, and state officials acting in their official capacities are immune from suits brought by citizens of other states and from suits brought by a state's own citizens." (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984))). Because Plaintiff asserts the "several" persons who she seeks to name as defendants acted in their

13

official capacity and it does not appear the State has consented to the suit, Plaintiff's claims against these individuals would be futile. *See Brown v. Davis*, No. 6:19cv332, 2019 WL 7881607, at *2 (E.D. Tex. Nov. 26, 2019), *R. & R. adopted*, 2019 WL 6887759 (E.D. Tex. Dec. 18, 2019) ("Since the State has not consented to suit, and to the extent [the plaintiff] has filed suit against [the defendants] for monetary relief in their official capacities, [the defendants] are shielded from this claim via the Eleventh Amendment." (citing *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citation omitted))); *Tipton v. Livingston*, No. 1:14-cv-370, 2016 WL 7115968, at *2 (E.D. Tex. June 3, 2016), *R. & R. adopted*, 2016 WL 7104031 (E.D. Tex. Dec. 5, 2016) ("Plaintiff's claims against the defendants in their official capacity, therefore, are barred as Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacities as well." (citing *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 609 n.10 (2001))).

As Plaintiff requests leave to amend to assert claims that are futile, the Court recommends leave to amend be denied.

### IV.  RECOMMENDATION

For the reasons set forth above, the Court recommends:

1. the 336th District Court's Motion to Dismiss (Dkt. 11) be **GRANTED;**

2. the Fannin County Defendants' Motion to Dismiss (Dkt. 13) be **GRANTED**; and

3. this lawsuit be **DISMISSED WITH PREJUDICE** as to the 336th District Court and the Fannin County Defendants.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 16th day of December, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE