UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HAYLEY NICHOLE RECORD | § |
| | § |
| v. | § CIVIL NO. 4:22-CV-407-SDJ |
| | § |
| FANNIN COUNTY SHERIFF'S | § |
| OFFICE, ET AL. | § |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 16, 2022, the Report of the Magistrate Judge, (Dkt. #20), was entered containing proposed findings of fact and a recommendation that Plaintiff Hayley Nichole Record's claims be dismissed with prejudice. Record objected to the Report, (Dkt. #22), and Defendants responded to those objections, (Dkt. #23). As explained below, the Court concludes that the Report should be adopted.

I.

At the outset, the Court finds that Record's objections are untimely and are not entitled to de novo review. *See generally* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Report was mailed to Record on December 16, 2022, and is deemed served on that date. FED. R. CIV. P. 5(b)(2)(C). Generally, parties have fourteen days to object to a report and recommendation. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). This would set

1

the deadline to object on December 30, 2022. However, since service was by mail, three days are added "after the period would otherwise expire." FED. R. CIV. P. 6(d). That additional time shifts the deadline to January 2, 2023. But January 2, 2023, was a holiday, so the deadline is pushed back until the end of the next day—January 3, 2023. FED. R. CIV. P. 6(a)(1)(C).

Record mailed her objection on January 3, 2023, and the objection was docketed on January 4, 2023. (Dkt. #22-1). Under Local Rule CV-5(e), "[a] document filed by a *pro se* litigant"—such as Record— "shall be deemed 'served' for purposes of calculating deadlines under the Local Rules or Federal Rules of Civil Procedure on the date it is electronically docketed in the court's CM/ECF system." Thus, Record's objection is deemed filed on January 4, 2023—one day late. Therefore, she is not entitled to de novo review. *See generally* 28 U.S.C. § 636(b)(1).

Since Record failed to timely bring her objections, the Court need only determine whether the proposed findings and recommendations are "either clearly erroneous or contrary to law." *Renfroe v. CGT U.S. Ltd.*, No. SA-20-CV-0559, 2023 WL 4356070, at *1 (W.D. Tex. June 30, 2023) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). However, even though Record did not timely object, the Court, in its discretion, has nonetheless reviewed de novo the portions of the Report to which Record objects. Even under this higher standard of review, the Court concludes that the Report should be adopted.

## II.

Record fails to address two fundamental problems with this suit: (1) *Younger* abstention applies, and (2) Defendants are all non-jural entities. Since she has failed to overcome these barriers to suit, her claims should be dismissed with prejudice.

*First*, as the Magistrate Judge found, *Younger* abstention undoubtedly applies here. "Abstention under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), 'is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings.'" *La. Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995) (citation omitted). Under this doctrine, courts are required to decline to exercise jurisdiction when: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citation omitted).

Record is a defendant in a state court criminal proceeding, and she has an adequate opportunity to raise her constitutional challenges there. *See Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (noting that a state has a strong interest in the enforcement of its criminal laws). Record does not object to these findings, nor does

she claim that any exception applies. Thus, Record fails to show that her claims should proceed despite *Younger*.

*Second*, Record does not even attempt to address the Magistrate Judge's finding that Defendants are non-jural entities that cannot be sued. In order for a plaintiff to sue a county agency, the agency must have jural authority, meaning it "enjoy[s] a separate legal existence" granted by the "true political entity." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citation omitted). "[I]f a plaintiff fails to allege or demonstrate that [a] defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Marshall v. Abbott*, No. 4:21-CV-384, 2022 WL 671009, at *2 (E.D. Tex. Feb. 4, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 659159 (E.D. Tex. Mar. 4, 2022) (Jordan, J.).

Here, Record sued the 336th District Court, Fannin County Sheriff's Office, Fannin County Jail, and Fannin County District Attorney's Office. However, as the Magistrate Judge found and Record does not contest, none of these entities possess jural authority. Since Defendants are all non-jural entities that are incapable of being sued, no amendment to the complaint could establish this Court's jurisdiction. Therefore, Record's claims should be dismissed with prejudice.

### III.

For these reasons, Record's objection, (Dkt. #22), is **OVERRULED** and the Report and Recommendation of the United States Magistrate Judge, (Dkt. #20), is **ADOPTED** as the opinion of the Court.

It is therefore **ORDERED** that this case is **DISMISSED with prejudice.**

4

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to close this civil action.

**So ORDERED and SIGNED this 3rd day of October, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE